**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON**

**Civil Action No. 19-249**

| | |
|---|---|
| **DEANA M. THORNBURG,** | **PLAINTIFF,** |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **ANDREW SAUL,** | |
| **COMMISSIONER OF SOCIAL SECURITY,** | **DEFENDANT.** |

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on November 24, 2014, alleging disability beginning in February 2013, due to chronic obstructive pulmonary disease ("COPD"), hip pain, high blood pressure, carpal tunnel, hypertension, gastroesophageal reflux disease ("GERD"), osteoarthritis, hyperlipidemia, and lumbar pain. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Christopher Sheppard (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Sharon Lane, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.   Plaintiff was 44 years old on her date last insured. She has a high school education. Her past relevant work experience consists of work as a nursing assistant, factory worker and bookkeeper.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 2013 and her date last insured in June 2017.

At Step 2, the ALJ found Plaintiff suffered from the following severe impairments: COPD, obesity, diabetes mellitus, osteoarthritis, degenerative disc disease of the lumbar spine, dysfunction of the right shoulder, diverticulitis, left knee disorder, trochanteric bursitis of the left hip, fibromyalgia, and a history of left carpal tunnel release.

2

At Step 3, the ALJ found that Plaintiff does not have an impairment or combination or impairments that meets or equals one listed at 20 C.F.R. Part 404, Subpart P, App'x 1.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the following restrictions:

> lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk (with normal breaks) for a total of about 2 hours in an 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; occasionally push and pull with her upper extremities; occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; occasionally balance, stoop, crouch, kneel, and crawl; should avoid work around unprotected heights and hazardous machinery; should avoid concentrated exposure to dust, fumes, chemicals, extreme cold, humidity, and vibration; frequently reach overhead with her right upper extremity; frequently handle, finger, and feel bilaterally, but requires the use of a cane for ambulation.

[Tr. 22].

At Step 4, the ALJ found that Plaintiff is unable to perform any past relevant work.

At Step 5, the ALJ found, based on vocational expert ("VE") testimony, that Plaintiff is capable of performing work as an order clerk, charge account clerk, and weigher.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.   Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly weigh and analyze the opinions of the consultative medical examiners, Emily Skaggs, Psy.D. and Aurela Clark, M.D. and (2) did not properly consider Plaintiff's credibility.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly weigh and analyze the

4

opinions of the consultative medical examiners, Emily Skaggs, Psy.D. and Aurela Clark, M.D.

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927( c). Generally, a treating physician's opinion is entitled to more weight and an ALJ must give good reasons for discounting the opinion. 20 C.F.R. §§ 416.902, 416.927(c)(2); *See also, Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

An examining physician's opinion, however, is not entitled to any special deference or consideration. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Moreover, an ALJ may discount a physician's opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927( c).

In addition, although a physician's opinion about what a claimant can still do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC.  20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946( c).

In April 2015, Emily Skaggs, Psy.D., examined Plaintiff. Plaintiff complained of, as relevant here, anxiety and depression (Tr. 543). On examination, Plaintiff had trouble with spelling "world" backwards and counting backward by threes from 20, but her "attention to task and concentration appeared normal" and she had no deficits in memory (Tr. 545). Her fund of knowledge was below average, but she had intact abstraction and adequate judgment and insight

5

(Tr. 545). Dr. Skaggs diagnosed depression and anxiety and opined that Plaintiff had a slight limitation in understanding, remembering, and carrying out simple tasks, but moderate limitations in maintaining attention and concentration and responding to supervisors and coworkers, and a marked limitation in tolerating stress and pressure of day-to-day employment (Tr. 546).

The ALJ discussed Dr. Skaggs' examination of Plaintiff but gave it little weight. He explained that while Dr. Skaggs opined Plaintiff would have a marked limitation in sustaining attention and concentration (Tr. 546), on examination she noted that "her attention to task and concentration appeared normal" (Tr. 545). Further, although Dr. Skaggs opined Plaintiff had a marked limitation in tolerating stress and pressure (Tr. 546), Dr. Skaggs observed that her "coping abilities appeared adequate" (Tr. 546). Inconsistency, particularly with one's own records, is sufficient reason to discount an opinion. *See* 20 C.F.R. § 404.1527(c)(4) ("[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."); *See also, Leeman v. Comm'r of Soc. Sec.*, 449 F. App'x 496, 497 (6th Cir. 2001) ("ALJs may discount treating-physician opinions that are inconsistent with substantial evidence in the record, like the physician's own treatment notes.").

The ALJ reasonably discounted Dr. Skaggs's opinion because it was inconsistent with her own examination findings.

In May 2015, Aurela Clark, M.D. examined Plaintiff (Tr. 549). Plaintiff complained of COPD and back pain radiating into her left leg (Tr. 549). Plaintiff was slightly tachypneic (had fast breathing) but demonstrated normal posture and gait and had no problems getting on and off the examination table (Tr. 550). She had full (5/5) strength, but reduced range of motion in her

6

right shoulder, both knees and hips, and her low back (Tr. 551). And the portion of the exam "requiring [Plaintiff] to lie supine was limited by increased shortness of breath and body habitus" (Tr. 551). Dr. Clark opined that Plaintiff retained the ability to perform activities involving sitting, standing, moving about for short distances, handling light objects, hearing, and speaking (Tr. 552). However, based on the fact that she had "increased shortness of breath with fairly non-strenuous activity, it would be reasonably expected that [Plaintiff] would have difficulty involving lifting and carrying objects 5-10 lbs." (Tr. 552).

The ALJ expressly considered Dr. Clark's examination findings and found that they supported a finding that Plaintiff could not perform work that required constant overhead reaching or frequent postural movements (Tr. 23).

Plaintiff seeks remand on the basis that Dr. Clark opined Plaintiff would have "difficulty" performing activities involving lifting even five to ten pounds because of shortness of breath and that the ALJ did not address this opinion. The Court finds this to be harmless error as Dr. Clark's opinion in this regard was inconsistent not only with her own notes but with the medical evidence in the record. Dr. Clark's lifting restrictions were premised in part on Plaintiff's breathing problems caused by COPD (Tr. 552). But as the ALJ observed, a July 2015 pulmonary function test administered as part of Dr. Clark's examination, showed "normal spirometry" without (before taking) medications and "significant improvement" after taking them (Tr. 23, Tr. 557). Further, a 2016 pulmonary testing showed no indication of COPD—the condition upon which Dr. Clark based her opinion (Tr. 23). In October 2016, a pulmonologist observed that a "pulmonary function test showed mild obstructive defect with significant brochondialator response" (Tr. 663). The pulmonologist diagnosed only "mild persistent asthma" and not COPD

7

(Tr. 668).

As discussed *supra*, inconsistency with the record is a valid for reason for discounting an opinion. The Court finds no error in this regard.

Plaintiff's second claim of error is that did not properly consider Plaintiff's credibility. Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

Plaintiff argues that the ALJ provided only a "boilerplate statement" explaining why he discounted her subjective complaints. However, reading the ALJ's decision as a whole, he provided specific reasons, supported by the record, for discounting her statements. For example, he referred to the pulmonology reports discussed *supra* when considering Plaintiff's testimony regarding breathing issues (Tr. 23). The ALJ also noted that Dr. Clark, and other medical providers, found no problems with sitting, standing and walking, despite Plaintiff's testimony to the contrary. (Tr. 23).

The Court finds no error in the ALJ's evaluation of Plaintiff's credibility.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 12th day of August 2020.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**